**Fourth Court of Appeals**
**San Antonio, Texas**


## MEMORANDUM OPINION

No. 04-16-00669-CR

April Brook **BISHOP**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR12051
Honorable Steve Hilbig, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  December 14, 2016

DISMISSED FOR LACK OF JURISDICTION

April Brook Bishop attempts to appeal from the trial court's judgment revoking her community supervision. We dismiss for lack of jurisdiction.

In a criminal case, a defendant's notice of appeal is due within thirty days after sentence is imposed in open court or the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of the deadline for filing the notice of

appeal, the defendant files a notice of appeal and a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

Here, the trial court revoked Bishop's community supervision and imposed sentence on August 17, 2016. Because Bishop did not file a motion for new trial, the latest possible date for her to have filed a timely notice of appeal was September 16, 2016. *See* TEX. R. APP. P. 26.2(a). However, Bishop did not file a notice of appeal until October 5, 2016. Furthermore, Bishop did not file a motion for extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.3.

On November 9, 2016, Bishop filed a motion for leave to file a late notice of appeal asking us to grant her leave to file a late notice of appeal. We do not have the authority to grant such leave, as we lack jurisdiction over an appeal of a criminal conviction in the absence of a timely, written notice of appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

We ordered Bishop to show cause why this appeal should not be dismissed for lack of jurisdiction. Bishop did not respond. We dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish